# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-7130 PA (AGRx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | Tony Watson, et al. v. Suzuki Motor Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Suzuki Motor of America, Inc. ("SMAI") on August 15, 2019. SMAI asserts that this Court has subject matter jurisdiction over the claims asserted against it by plaintiffs Tony and Ellen Watson ("Plaintiffs") pursuant to the Court's bankruptcy removal jurisdiction under 28 U.S.C. § 1452(a) because, according to SMAI, Plaintiffs' claims against SMAI "arise in" or "relate to" bankruptcy proceedings for purposes of 28 U.S.C. § 1334. Specifically, according to the Notice of Removal, the United States Bankruptcy Court for the Central District of California entered an order on March 15, 2013, in Case No. 8:12-bk-22808-SC, approving the confirmation of a bankruptcy plan in which SMAI acquired the assets of debtor American Suzuki Motor Corporation ("ASMC"). The Bankruptcy Court's confirmation order limited the liability of SMAI to only those liabilities of ASMC that SMAI expressly assumed, and that other than those expressly-assumed liabilities, SMAI would not be considered a legal successor of ASMC. The confirmation order included a provision stating that "all Persons are forever prohibited and enjoined from taking any action against [SMAI] based on Successor Liability, including commencing or continuing any action or other proceeding . . . against [SMAI] with respect to any liens, claims, encumbrances and interests against [ASMC] or [ASMC]'s property."

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) vests

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7130 PA (AGRx) | | Date | September 4, 2019 |
|---|---|---|---|---|
| Title | Tony Watson, et al. v. Suzuki Motor Corporation, et al. | | | |

district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 2 (E.D. Cal. 1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

Here, Plaintiffs' Complaint alleges claims against SMAI, Suzuki Motor Corporation, Johnson Controls, Inc., Adient US LLC, and Luan Trong Huynh, for strict liability, negligent product liability, negligence, and loss of consortium, arising out of a December 5, 2018, automobile accident. According to the Complaint, Tony Watson was driving a 2000 Suzuki Swift when his vehicle was struck from behind by a vehicle driven by Luan Trong Huynh. Plaintiffs allege that the Suzuki Swift was defective because the driver's seat back failed and collapsed rearward, causing Mr. Watson's body to become unrestrained, despite the fact that he was wearing a lap and shoulder belt. The accident rendered Mr. Watson a paraplegic.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-7130 PA (AGRx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | Tony Watson, et al. v. Suzuki Motor Corporation, et al. | | |

The Notice of Removal alleges that the Court possesses bankruptcy jurisdiction only over the claims asserted against SMAI. "The 'close nexus' test determines the scope of bankruptcy court's post-confirmation 'related to jurisdiction." In re Wilshire Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (citing Montana v. Goldin ("In re Pegasus Gold Corp."), 394 F.3d 1189, 1194 (9th Cir. 2005)). "The close nexus test 'recognizes the limited nature of post-confirmation jurisdiction but retains a certain flexibility.'" Id. (quoting In re Pegasus Gold Corp, 394 F.3d at 1194). "[M]atters affecting 'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" In re Pegasus Gold Corp., 394 F.3d at 1194 (quoting In re Resorts Int'l, Inc., 372 F.3d 154, 166-67 (3d Cir. 2004)).

Even if the Court may have jurisdiction over Plaintiffs' claims against SMAI, the Court concludes that equitable grounds support remand. Because the Court does not have original jurisdiction over the claims asserted against the defendants other than SMAI, those claims are subject to remand or dismissal, see 28 U.S.C. § 1367(c), which could result in Plaintiffs having to pursue their claims in two forums, or otherwise poses a risk that Plaintiffs claims against the remaining defendants would be delayed while the Court resolves the bankruptcy-related issues concerning SMAI. The Court also concludes that determining the scope of SMAI's potential successor liability does not appear to present a substantial question of bankruptcy law and that none of the parties are the debtors in the underlying bankruptcy proceeding. Nor does SMAI's potential successor liability appear to threaten the implementation, consummation, execution, or administration of a Bankruptcy Court's plan confirmation that occurred more than six years ago. Moreover, because Plaintiffs assert only California state law claims against defendants comity also favors remand. See Estate of Scott v. Cervantes, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

For all of the foregoing reasons, the equities favor remanding this action. The action is hereby remanded to the Los Angeles County Superior Court, Case No. 19CTCV21570. See 28 U.S.C. § 1452(b).

IT IS SO ORDERED.